IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARLING INGREDIENTS INC.,

        Plaintiff,                 Case No. 2:25-cv-1754

   v.

BUFFALO BIODIESEL,           JURY TRIAL DEMANDED

        Defendant.

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Darling Ingredients Inc., by and through its attorneys, O'Hagan Meyer PLLC, files the following Complaint and avers as follows:

## PARTIES

1. Plaintiff, Darling Ingredients Inc. ("Darling"), is a Delaware corporation with a principal place of business at 5601 N. MacArthur Boulevard, Irving, Texas 75038.

2. Defendant, Buffalo Biodiesel, Inc, ("Buffalo Biodiesel"), is a New York corporation with a registered place of business at 940 Vista Park Drive, Pittsburgh, PA 15205 (Pennsylvania Entity No.4190704). See Registration with Pennsylvania Department of State, attached as Exhibit A.

3. In addition to the office location at 940 Vista Park Drive, Pittsburgh, PA 15205, Buffalo Biodiesel also has a work "station" located at 3800 Neville Road, Neville Island, PA 15225.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of this Complaint pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, inclusive of interest and costs, and is between citizens of a different state.

5. This Court has personal jurisdiction over Buffalo Biodiesel as it is registered to do business in this District and the Commonwealth of Pennsylvania and is physically located in this Western District of Pennsylvania ("the District") and the Commonwealth of Pennsylvania.

6. This Court has personal jurisdiction over Buffalo Biodiesel as it has continuous and systematic contacts with the District and the Commonwealth of Pennsylvania, as evidenced by locations at 940 Vista Park Drive and 3800 Neville Road, and has committed tortious acts in the District and the Commonwealth of Pennsylvania in accordance with 42 Pa. Cons. Stat.§ 5322(a).

7. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over the Defendant because it is registered to do business in the Western District of Pennsylvania, conducts business in the Western District of Pennsylvania, and has committed tortious actions in the Western District of Pennsylvania.

8. Venue in this matter is proper pursuant to 28 U.S.C § 1391 as Buffalo Biodiesel resides in the District and a substantial part of the events which give rise to this action, occurred in the District.

## FACTUAL BACKGROUND

9. Darling is in the business of repurposing and recycling materials from the animal agricultural and food industries, transforming them into essential ingredients that do everything from feeding animals to fertilizing crops to fueling planes and nourishing people.

10. As part of this business, Darling collects and recycles used cooking oil from restaurants and other commercial kitchens (i.e., grease used to cook fried foods that needs to be disposed of and replaced). Often, the used cooking oil collected by Darling goes on to have a second life as a low-carbon-intensity feedstock for renewable fuel.

11. Darling contracts with multiple restaurants and food service providers ("Customers") to provide this service, including in Pennsylvania, Ohio, Kentucky, and Indiana.

12. Darling offers this service through its brand name DAR PRO Solutions.

13. As an essential part of this service, Darling places collection equipment at the Customer's location. This equipment can include outdoor tanks (similar in appearance to garbage dumpsters), which are stamped with the DAR PRO Solutions logo and Darling's contact information.

14. The value of Darling's outdoor tanks generally ranges from $600-$900.

15. After the tank is placed, the Customer takes its used grease/oil and places it into Darling's tank.

16. Darling then, either on a scheduled interval or at the Customer's request, comes and empties the tank.

17. As part of this arrangement, Darling and its Customers agree on appropriate compensation, accounting for both the costs of Darling's services and the value of the used cooking oil Darling collects.

18. As already explained, Darling takes the used cooking oil and repurposes it for use in other products.

## COUNT I
**INTENTIONAL INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS**

19. Darling incorporates paragraphs 1-18 as if fully set forth herein.

20. Beginning on or about January 2024, Buffalo Biodiesel intentionally acted to encourage Darling's Customers to cancel their contracts with Darling and enter into Contracts with Buffalo Biodiesel.

21. These actions included stealing Darling's tanks at current Customers' locations and replacing them with Buffalo Biodiesel tanks, thus essentially forcing the Customers into ceasing to use Darling's services and instead using Buffalo Biodiesel's services.

22. To date, at least ninety (90) Darling Customers in Pennsylvania, Ohio, Kentucky and Indiana have cancelled their contracts with Darling and entered into contracts with Buffalo Biodiesel.

23. To date, the lost profits from these cancelled contracts are estimated to be over $70,000.

24. Buffalo Biodiesel acted with the intent of inducing Darling's customers to cancel their existing contracts with Darling and enter into contracts with Buffalo Biodiesel.

25. Buffalo Biodiesel had no privilege or justification for its actions.

26. Darling has been damaged by the actions of Buffalo Biodiesel in the form of lost revenue from existing contracts.

## COUNT II
**INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS**

27. Darling incorporates paragraphs 1-26 as if fully set forth herein.

28. Beginning on or about January 2024, Buffalo Biodiesel intentionally acted to encourage Darling's Customers to not renew their contracts with Darling and instead enter into contracts with Buffalo Biodiesel.

29. Buffalo Biodiesel acted with the intent of inducing Darling's customers not to renew their contracts with Darling and enter into contracts with Buffalo Biodiesel.

30. Buffalo Biodiesel had no privilege or justification for its actions.

31. Darling has been damaged by the actions of Buffalo Biodiesel in the lost prospective revenue of customers who would have otherwise renewed their contracts with Darling but for the actions of Buffalo Biodiesel.

## COUNT III
## CONVERSION

32. Darling incorporates paragraphs 1-31 as if fully set forth herein.

33. In addition to working to steal Darling's existing contracts, Buffalo Biodiesel intentionally stole multiple Darling tanks that were at the Customer's locations and replaced them with Buffalo Biodiesel tanks.

34. Buffalo Biodiesel took Darling's tanks into their possession and/or destroyed them.

35. It is estimated that Buffalo Biodiesel has stolen approximately twenty (20) of Darling's tanks, each with a value of between $600-$900.

36. Buffalo Biodiesel did not have Darling's consent to steal the tanks.

37. Darling has been damaged in that Buffalo Biodiesel stole something of value that belongs to Darling.

WHEREFORE, Plaintiff, Darling Ingredients, Inc., requests that this Court issue an award in its favor, in excess of $75,000, and also award any applicable costs, fees, and interests.

Date: November 11, 2025						Respectfully submitted,

						**O'HAGAN MEYER, PLLC**

						By: _____
						Dean Falavolito, Esquire
						PA I.D. No. 92844
						O'Hagan Meyer, PLLC
						102 Broadway Street, Suite 200
						Carnegie, PA 15106
						dfalavolito@ohaganmeyer.com

						*Counsel for Plaintiff*

6